UNITED STATES of America, Plaintiff,

v.

Wilbert SCHNEIDER, et al., Defendants.

No. 89–657C(1).

United States District Court, E.D. Missouri.

Dec. 12, 1989.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

John Sullivan, Leritz, Reinert & Duree, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, Chief Judge.

The United States brings this action under 26 U.S.C. §§ 7402 and 7403 to reduce to

judgment certain income tax assessments made against defendants Wilbert and Virginia Schneider ("the Schneiders"). This case has been submitted to the Court on the parties' cross-motions for summary judgment, involving as it does a single central question of law: whether a lien in favor of plaintiff for unpaid taxes attached to real property held by the Schneiders in tenancy by the entirety. The parties have filed a joint stipulation of facts and a joint stipulation of exhibits, upon which the Court relies for the undisputed factual record.

The Schneiders concede their tax liabilities in the total amounts of $43,067.28 for Wilbert Schneider and $34,904.58 for Virginia Schneider for the tax years 1977, 1978 and 1979.[1] Furthermore, the Schneiders concede that, as filers of joint income tax returns, their liability is joint, under 26 U.S.C. § 6014, such that each is liable for taxes assessed against the other. At all times relevant, and until June 20, 1986, the Schneiders owned in tenancy by the entirety certain real property located in Jefferson County, Missouri.[2] Plaintiff here seeks judicial foreclosure of a lien on that property for the unpaid tax assessments. Under Missouri law, the "joint liability of ... two spouses can be satisfied out of property held by the entirety." *Tony Thornton Auction Service v. United States*, 791 F.2d 635, 638 (8th Cir.1986). Nonetheless, the Schneiders contend that no lien attached to their Jefferson County property due to plaintiff's failure to comply with the statutory scheme for attachment.

Under 26 U.S.C. § 6321, a lien in favor of the United States arises upon all the property of a person "liable to pay any tax" who "neglects or refuses to pay the same after demand." Such a lien is in the amount of tax owed plus any interest or penalties assessed thereon. *Id.* A tax lien attaches upon the taxpayer's receipt of notice of assessment and demand for payment, see §§ 6321 and 6322, and the lien is perfected, i.e., it attains its maximal effect as against other creditors of the taxpayer, upon the filing of the notice required by § 6323(f).[3] In the case of real property, the filing requirement is satisfied by filing the notice of lien in the appropriate Recorder of Deeds' office. The aspect of this process specifically challenged by the Schneiders is the notice of assessment and demand for payment. Their argument is that, because plaintiff sent only separate notices of their individual assessments to the Schneiders, and never sent either joint notices or copies of the husband's notices to the wife and vice versa, that no "joint lien" attached to the property held in tenancy by the entirety. The Court finds this argument unpersuasive.

The sole statutory basis for the Schneiders' argument is 26 U.S.C. § 6303(a), which provides in pertinent part:

> [T]he Secretary shall, as soon as practicable ... after the making of an assessment of a tax ... give notice *to each person liable for the unpaid tax*, stating the amount and demanding payment thereof. (Emphasis added.)

The Schneiders' reading of this provision is that failure to provide separate notice to Wilbert of assessments against Virginia, for which he is liable as a joint taxpayer, and separate notice to Virginia of assessments against Wilbert, for which he is liable as a joint taxpayer, is a defect of notice

---

1. These amounts represent the total of tax, interest, civil fraud penalties and negligence penalties, as calculated by plaintiff and agreed to by the Schneiders.

2. On June 20, 1986, the Schneiders conveyed all but two parcels of this property to an irrevocable living trust, of which defendant Ronald Schneider, Sr., is trustee; the trust immediately conveyed the property it received from the Schneiders to defendant Stephen Ohmer. In subsequent months, the remaining two parcels of the Jefferson County property were transferred by the Schneiders to defendants Claude and Phyllis Cole and defendants Donnie and Janice Loughary, respectively. The parties agree that if the lien was able to attach to the real property while held by the Schneiders, that the lien was not extinguished by these subsequent transfers. Hence these subsequent transferees of the property are named as nominal defendants in this action.

3. The Schneiders do not contest that they owned the Jefferson County property at the time at which the lien would have attached.

preventing the attachment of a lien against their joint property. The Court believes such a reading of § 6303 attributes to the provision a significance beyond its intended boundaries.

In this belief the Court is aligned with the Sixth Circuit, as exemplified by its holding in *United States v. Berman*, 825 F.2d 1053 (6th Cir.1987), upon which the Schneiders mistakenly rely. In *Berman*, where, as here, the United States sought to foreclose upon a federal tax lien, the court held that:

> The notice provision of section 6303(a) was designed to protect the taxpayer only where the summary powers of the IRS to collect taxes administratively are concerned, and does not restrict the government's right to maintain a civil action against the taxpayer to obtain judgment for the amount due.

*Id.* at 1060. Furthermore, the court so held in *Berman* despite the fact that no notice and demand for payment was ever mailed to the joint taxpayers at all; here, by contrast, for each tax year involved, notice and demand was sent to the individual spouse against whom tax was assessed, and, significantly, neither of the Schneiders claim not to have had *actual notice* of the assessments against the other spouse.

In short, the Court finds that the lack of joint notices does not affect the ultimate joint liability of the Schneiders for taxes separately assessed, and that their joint liability permitted the attachment of a tax lien to real property held by them in tenancy by the entirety. Accordingly, the Court grants summary judgment in favor of plaintiff. To assist the Court in the framing of an entry of judgment, the Court orders plaintiff and defendants Wilbert and Virginia Schneider to jointly file a stipulation as to the correct amount of tax plus interest and statutory additions due and owing as of the date of this order, and orders the nominal defendants to file a brief as to the proper disposition of proceeds from a forfeiture sale of the Jefferson County property, insofar as such proceeds exceed the amount of judgment.

## ORDER

Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and is granted.

IT IS FURTHER ORDERED that plaintiff and defendants Wilbert and Virginia Schneider shall jointly file, within twenty (20) days of the date of this order, a stipulation as to the correct amount of tax plus interest and statutory additions due and owing plaintiff from defendants Wilbert and Virginia Schneider as of the date of this order.

IT IS FURTHER ORDERED that defendants Ronald G. Schneider, Sr., Steven R. Ohmer, Claude Cole, Phyllis Cole, Donnie R. Loughary and Janice A. Loughary shall file, within twenty (20) days of the date of this order, a brief as to the proper disposition of proceeds from a forfeiture sale of the Jefferson County property, insofar as such proceeds exceed the amount of judgment.